UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiff*,<br><br>    v.<br><br>THE WALT DISNEY COMPANY, and TWENTY-FIRST CENTURY FOX, INC.,<br><br>     *Defendants*. | 18 Civ. 5800 (CM) (KNF) |

**PLAINTIFF UNITED STATES' MOTION AND MEMORANDUM IN SUPPORT OF
LIFTING THE STAY AND ENTERING THE FINAL JUDGMENT**

Plaintiff United States of America ("United States" or "Antitrust Division") moves the Court to lift the stay and enter the proposed Final Judgment. The United States filed the proposed Final Judgment in this civil antitrust proceeding on June 27, 2018 (ECF No. 3-1) (Exhibit A). On August 24, 2018, the Parties filed a letter motion to stay further proceedings pending the resolution of the procedure required by the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)–(h) ("APPA" or "Tunney Act"), which the Court entered the same day. The United States is filing simultaneously with this motion a Certificate of Compliance, attached hereto as Exhibit B, setting forth the steps taken by the Parties to comply with all applicable provisions of the APPA and certifying that the sixty-day statutory public comment period has expired.

The proposed Final Judgment may be entered without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") and Response to Public Comment filed in this matter on August 7, 2018 (ECF No. 21) and April 5, 2019 (ECF No. 33), respectively, explain why entry of the proposed Final

Judgment is in the public interest. Therefore, the United States respectfully requests that the Court lift the stay and enter the proposed Final Judgment.

## I. BACKGROUND

On June 27, 2018, the United States filed a civil antitrust Complaint, alleging that the proposed acquisition by The Walt Disney Company ("Disney") of certain assets of Twenty-First Century Fox, Inc. (the "Fox Sale Assets") likely would substantially lessen competition in the licensing of cable sports programming to multichannel video programming distributors ("MVPDs") in twenty-five Designated Market Areas ("DMAs") in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.

At the same time the Complaint was filed, the United States also filed a proposed Final Judgment (ECF No. 3-1) and Hold Separate Stipulation and Order (ECF No. 3-2) signed by Plaintiff and Defendants consenting to entry of the Final Judgment after compliance with the requirements of the Tunney Act, 15 U.S.C. § 16. On August 7, 2018, the United States filed a CIS describing the transaction and the proposed Final Judgment. ECF No. 21. The proposed Final Judgment requires Disney to divest twenty-two regional sports networks ("RSNs") to remedy the anticompetitive effects of the transaction. Exhibit A at Section II.E, IV.A.

Section IV.A of the proposed Final Judgment requires the divestitures to be made within ninety (90) calendar days after closing of the Transaction, or five (5) calendar days after notice of entry of the Final Judgment, whichever is later, to one or more buyers acceptable to the United States in its sole discretion. The Hold Separate Stipulation and Order, which was entered by the Court on September 27, 2018 (ECF No. 28), ensured that the RSNs were maintained as economically viable, and ongoing business concerns independent of and uninfluenced by Defendants, and that competition was maintained during the pendency of the ordered

divestitures. Defendant Disney consummated its acquisition of the Fox Sale Assets on March 20, 2019. Disney then reached agreements with two entities to acquire the Divestiture Assets: Diamond Sports Group, LLC and Red Seam Holdings LLC.

On May 6, 2019, Disney notified the United States that it had entered an agreement with Diamond Sports Group, a subsidiary of Sinclair Broadcast Group, Inc., to acquire all of the RSNs, except the New York Yankees-affiliated YES Network. On June 12, 2019, Disney informed the United States that it had reached an agreement with Red Seam Holdings, an entity whose members include Yankees Global Enterprises, LLC, Sinclair Broadcast Group, Inc., Amazon.com Services, Inc., and their financial partners, to acquire the YES Network.

The Antitrust Division investigated both proposed divestitures pursuant to the established policy as described in the Response to Public Comment. Based on its investigations, the Antitrust Division did not find that the divestitures would result in competitive harm. Additionally, the Antitrust Division found that both proposed Acquirers have the incentive to use the RSNs to compete in all affected markets and that they have sufficient business experience and financial capabilities to compete effectively in the affected markets over the long term.

On August 21, 2019, the United States approved Diamond Sports Group as the Acquirer for all of the RSNs, except for the YES Network.[1] Disney and Diamond Sports Group consummated the divestiture on August 23, 2019. On August 26, 2019, the United States

---

[1] The United States approved Diamond Sports Group to acquire the following RSNs: (1) Fox Sports Arizona; (2) Fox Sports Carolinas; (3) Fox Sports Detroit; (4) Fox Sports Florida; (5) Fox Sports Indiana; (6) Fox Sports Kansas City; (7) Fox Sports Midwest; (8) Fox Sports New Orleans; (9) Fox Sports North; (10) Fox Sports Ohio; (11) SportsTime Ohio; (12) Fox Sports Oklahoma; (13) Fox Sports San Diego; (14) Fox Sports South; (15) Fox Sports Southeast; (16) Fox Sports Southwest; (17) Fox Sports Sun; (18) Fox Sports Tennessee; (19) Fox Sports West; (20) Prime Ticket; and (21) Fox Sports Wisconsin.

approved the divestiture of the YES Network to Red Seam Holdings. Disney and Red Seam Holdings consummated the divestiture on August 29, 2019.

Section IV.A of the Hold Separate Stipulation and Order provides that the proposed Final Judgment may be entered by the Court after the completion of the procedures required by the APPA. Entry of the proposed Final Judgment would terminate this action, except that the Court retains jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof. Exhibit A at Section XII.

## II.   COMPLIANCE WITH THE APPA

The APPA requires a sixty-day period for the submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the proposed Final Judgment and a CIS with the Court on June 27, 2018 and August 7, 2018, respectively; published the proposed Final Judgment and CIS in the *Federal Register* on August 15, 2018 (*see* 83 Fed. Reg. 40,553 (2018)); and ensured that the summary of the terms of the proposed Final Judgment and the CIS—with directions for the submission of written comments relating to the proposed Final Judgment and CIS—were published in *The Washington Post* and *The New York Times* for seven days during the period of August 13 to August 19, 2018. The sixty-day public comment period terminated on October 18, 2018, and the United States received one comment concerning the allegations in the Complaint. The United States filed a Response to Public Comment on April 5, 2019, addressing the substance of the comment, and published the Response to Public Comment and the public comment in the *Federal Register* on April 25, 2019 (*see* 84 Fed. Reg. 17,425 (2019)).

The United States has filed a Certificate of Compliance simultaneously with the Motion and Memorandum stating that all APPA requirements have been satisfied. *See* Exhibit B. It is

therefore appropriate for the Court to lift the stay of proceedings, so that the Court may make the public interest determination required by 15 U.S.C. § 16(e) and enter the proposed Final Judgment.

### III. STANDARD OF JUDICIAL REVIEW

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court shall consider:

(A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

(B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B).

The Court can make the public-interest determination based on the CIS and Response to Public Comment alone. Section 16(e)(2) of the APPA states that "[n]othing in this section shall

be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene."

In the CIS and its Response to Public Comment, the United States set forth the public interest standard under the APPA and now incorporates those statements herein by reference. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment. As explained in the CIS and Response to Public Comment, entry of the proposed Final Judgment is in the public interest.

## IV. CONCLUSION

For the reasons set forth in this Motion and Memorandum, the CIS, and the Response to Public Comment, the Court should find the proposed Final Judgment is in the public interest and should enter the proposed Final Judgment without further proceedings. Plaintiff United States respectfully requests that the proposed Final Judgment be entered at this time.

Dated: September 4, 2019

Respectfully submitted,

/s/ Lauren G.S. Riker
Lauren G.S. Riker
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Tel: (202)598-2812
Lauren.Riker@usdoj.gov

Counsel for the United States